**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT SCHECHTER              **:** | |
| **:** | **Civil Action No. 07-419 (KSH)** |
| **Plaintiffs,**    **:** | |
| v.     **:** | |
| **:** | |
| EUGENE SCHECHTER    **:** | **ORDER ON INFORMAL APPLICATION** |
| **:** | |
| **Defendant.**    **:** | |

This matter having come before the Court by way of plaintiff's letter dated October 18,

2007, regarding certain discovery disputes that the parties seek to have resolved;

and the Court having entered an Order dated June 29, 2007 that specifically set forth the

format in which the parties are required to raise discovery disputes;[1]

---

[1]The Court set forth a specific format for raising discovery disputes that requires the
parties to both confer and work together in good faith to resolve and present discovery disputes.
The required format assists the Court to efficiently resolve the disputes and ensures that the
necessary information is presented in a concise fashion.  The Order dated June 29, 2007
specifically states:

> Counsel shall confer in a good  faith attempt to informally resolve any discovery
> disputes <u>before</u> seeking the Court's intervention.  Should such informal effort fail
> to resolve the dispute, the matter shall be brought to the Court's attention in the
> first instance by a brief letter outlining the dispute.  The Court will  thereafter
> schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to
> resolve the dispute.  <u>See</u> L. Civ. R. 16.1(f)(1).
>
> If the dispute involves an alleged deficiency in a response to a discovery request,
> then the parties shall submit a **<u>joint</u>** letter that sets forth: (a) the request, (b) the
> response; (c) efforts to resolve the dispute; (d) why the complaining party believes
> the information is relevant and why the responding party's response continues to
> be deficient; and (e) why the responding party believes the response is sufficient.
> No further submissions regarding the dispute may be submitted without leave of
> Court.  If necessary, the Court will thereafter schedule a telephone conference to
> resolve the dispute.
>
> No discovery motion or motion for sanctions for failure to provide discovery shall
> be made before utilizing the procedures set forth in these paragraphs without prior
> leave of Court.

and it appearing that the October 18, 2007 letter was not submitted in the format required for raising discovery disputes;

and for the reasons set forth herein;

IT IS ON THIS 22nd day of October, 2007

**ORDERED** that the request for relief embodied in the letter dated October 18, 2007 is denied without prejudice;

**IT IS FURTHER ORDERED** that any and all unresolved discovery disputes shall be presented in the joint letter protocol no later than **November 2, 2007.**  No discovery disputes (other than those that arise during depositions) will be entertained after that date.

**IT IS FURTHER ORDERED** that all other terms of the Order dated June 29, 2007 shall remain in full force and effect.

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE

---

The obligation to submit the disputes using the protocol was repeated in a subsequent Order, see e.g., Order dated September 6, 2007 and the parties were specifically warned that disputes not presented in the required fashion would not be considered.  The October 18, 2007 submission do not comply with the Orders and will not be considered.