UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                       :
**ROBERT SCHECHTER**                    :
                                       :    **Civil Action No. 07-419(KSH)**
                                       :
       **Plaintiff**            :
                                       :
    v.                              :    **ORDER ON INFORMAL**
                                       :    **APPLICATION AND AMENDED**
                                       :    **SCHEDULING ORDER**
**EUGENE SCHECHTER**                    :    **IN AN ARBITRATION CASE**
                                       :
                                       :
                                       :
       **Defendant**           :
_____:

    **THIS MATTER** having come before the Court by way of letters dated November 9, 2007, regarding various discovery disputes; and the Court having entered an Order dated November 9, 2007, directing the parties to appear for a hearing to address the disputes; and the Court having convened a hearing on the record on November 16, 2007; and the Court having considered the arguments, submissions and representations of the parties; and for the reasons set forth on the record on November 16, 2007; and for good cause shown,

    **IT IS on this 16th day of November, 2007,**

    **ORDERED THAT:**

    1. With respect to Interrogatory No. 2, no later than **December 10, 2007**, defendant shall provide the basis for asserting that his conversations with Messrs. Burkhardt and Ricks are privileged and provide more detail about the topics he discussed with Mr. Lovett;

    2. With respect to Interrogatory No. 7, no later than **December 10, 2007**, defendant shall provide the names of all persons with knowledge about the terms of the loan and certify that he possesses no documents that reflect the terms of the loan;

    3. With respect to Interrogatory No. 9 and 10, no later than **December 10, 2007**, defendant shall provide a complete response to these interrogatories;

    4. With respect to Interrogatory No. 13, no later than **December 10, 2007**, defendant shall provide: (a) the name of all financial institutions, entities or individuals who loaned him money in connection with Cliff Drive, LaVista/Oceana, and Canon View; (b) the closing

statements for the purchase of Cliff Drive, and La Vista/Oceana; (c) monthly statements on the loans for Cliff Drive and LaVista/Oceana for the period January 1, 2007 through November 1, 2007; and (d) a list of all encumbrances on Cliff Drive and LaVista/Oceana;

5. With respect to Interrogatory No. 14, no later than **December 10, 2007**, defendant shall provide a more complete response;

6. With respect to Interrogatories Nos. 15 and 16, no later than **December 10, 2007**, defendant shall produce all responsive documents responsive to these interrogatories in his possession, custody or control or a certification that states that he made a diligent search for such documents and he does not have possession, custody or control over responsive documents;

7. With respect to Interrogatories Nos. 17 and 25, no later than **November 21, 2007**, plaintiff shall recast these interrogatories to seek information concerning milestones, such as application for variances, ground breaking, etc., regarding the development of Cliff Drive and LaVista/Oceana and the defendant shall provide a response no later than **December 10, 2007**;

8. With respect to Interrogatory No. 20, no later than **December 10, 2007**, defendant shall provide a complete response;

9. With respect to Interrogatory No. 21, no later than **December 10, 2007**, defendant shall produce all responsive documents in his possession, custody or control or a certification that states that he made a diligent search for such documents and he does not have possession, custody or control over responsive documents and that all responsive emails have been produced;

10. With respect to Interrogatories Nos. 21 and 22, no later than **December 10, 2007**, defendant shall provide a response that describes the conversations he had with the plaintiff and others about the terms of the loan, the individuals present during the conversations, and the approximate date of the conversations;

11. With respect to plaintiff's document demands, no later than **December 10, 2007**, defendant shall produce all responsive documents in his possession, custody or control or a certification that states that he made a diligent search for such documents and he does not have possession, custody or control over responsive documents; and

12. With respect to defendant's demands for the factual basis for plaintiff's claim that the debt includes $50,000, no later than **December 10, 2007**, the plaintiff shall provide a supplemental response to his interrogatories that sets forth these facts.

## I. ARBITRATION

13. This matter is referred to arbitration pursuant to Local R. Civ. P. 201.1. Counsel will receive further instructions and guidelines regarding arbitration directly from the Clerk of the Court. Arbitration shall commence no sooner than **February 8, 2008.**

## II. DISCOVERY AND MOTION PRACTICE

14. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **deadline passed.**

15. Discovery necessary to engage in meaningful settlement discussions: <u>**none**</u>.

16. The parties may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **deadline passed**, which shall be responded to no later than **deadline passed**.

17. The number of depositions to be taken by each side shall not exceed **10.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. <u>See</u> Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. Depositions shall be completed no later than **February 1, 2008.**

18. Fact discovery is to remain open through **February 1, 2008**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

19. Counsel shall confer in a good faith attempt to informally resolve any discovery disputes <u>before</u> seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance by a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than deadline passed and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

20. Any motion to amend pleadings or join parties must be filed by **none.**

21 All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference.

If leave is granted to file a summary judgment motion, the following protocol shall apply:

a. Each motion for summary judgment shall be supported by a <u>separate</u>, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving

party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation.  A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

      b.  Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts.  The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation.  The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

      c.  In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply.  Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u>  The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

      d.  Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted.  The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.  The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

      e.  Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate.  Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

### III.  EXPERTS

22.    All affirmative expert reports shall be delivered by **none.**

23.    All responding expert reports shall be delivered by **none.**

24.    a.  All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

      b.  All expert depositions shall be completed by **none.**

### IV.  MISCELLANEOUS

25.    The Court may from time to time schedule conferences as may be required, either

sua sponte or at the request of a party.

26.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

27.     A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

28.     Communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

29.     **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

                                            s/Patty Shwartz
                                            **UNITED STATES MAGISTRATE JUDGE**